UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2006 APR -7 P 2:49

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| GARTNER, INC., Plaintiff, v. PAUL SCHMITZ, Defendant. | CIVIL ACTION NO. 3:06-cv-325(JCH) |
| | APRIL 3, 2006 |

**ORDER AND JUDGMENT**

The plaintiff Gartner, Inc. ("Gartner"), having filed its Complaint on March 3, 2006, against the defendant Paul Schmitz ("Schmitz") for claims of breach of contract (Counts One, Two and Three), misappropriation of trade secrets in violation of Va. Code §§ 59.1-336 et seq. (Count Four), breach of fiduciary duty (Count Five), computer crimes in violation of Conn. Gen. Stat. §§ 52-570b & 53-452, and violation of the Virginia Business Conspiracy Act, Va. Code §§ 18.2-499 et seq.; and

The case having progressed to the present time; and

The parties having agreed, without any admission of liability by Schmitz, to resolve this case by the entry of a stipulated injunction as provided herein without proceeding through a trial.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

It is ORDERED, ADJUDGED AND DECREED that the defendant, Paul Schmitz will take a thirty (30) day leave of absence, commencing April 1, 2006, from his employment with INPUT, Inc.;

AND it is FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Paul Schmitz will abide by the Agreement Regarding Certain Conditions of Employment that he entered into with the plaintiff, Gartner, Inc.;

AND it is FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Paul Schmitz shall affirm that he does not possess any Gartner information;

AND it is FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Paul Schmitz shall not use or disclose any of the plaintiff's proprietary information, including but not limited to the Gartner EXP product reference card;

AND it is FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Paul Schmitz shall make his home computer available, at his home, to the plaintiff so that it can be "wiped" clean of any Gartner information or material stored on it by defendant;

AND it is FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Paul Schmitz shall not have any direct or indirect involvement in the hiring or solicitation of any Gartner employee for a period of three (3) years from the date hereof;

AND it is FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Paul Schmitz shall not directly or indirectly solicit or perform services for any individual known by Schmitz to be a Gartner EXP client for a period of one (1) year from the date hereof;

AND it is FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Paul Schmitz shall not, for a period of one (1) year from the date hereof, participate directly or indirectly in any discussions about or the planning or creation of any INPUT product or service that is competitive with any Gartner product or service existing or known by Schmitz to have been planned as of February 3, 2006.

AND it is FURTHER ORDERED, ADJUDGED AND DECREED that, for a period of one (1) year from the date hereof, the defendant, Paul Schmitz, shall limit his employment at INPUT to the planning, creation and provision of IEP services to personnel with responsibility for sales, marketing and/or business development at private sector vendors and he will not provide such IEP services to any CIO, IT management, or their staff;

AND it is FURTHER ORDERED, ADJUDGED AND DECREED that no damages, costs or fees, including attorneys' fees are awarded to any party;

AND it is FURTHER ORDERED, ADJUDGED AND DECREED that the Court shall retain jurisdiction to enforce this judgment.

SO ORDERED this 7th day of April, 2006.

The Honorable Janet C. Hall
United States District Judge

431052 v.06 S2